UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DON JOHNSON                                    )
                                               )
v.                                             )          No. 3:06-0946
                                               )          JUDGE CAMPBELL
GEORGE LITTLE, et al.                          )          DEATH PENALTY CASE


MEMORANDUM

I. Introduction

Pending before the Court is a Motion To Dismiss Of Defendants Little And Bell (Docket

No. 6). Plaintiff has filed a Response to the Motion (Docket No. 13), an Amended Complaint

(Docket No. 14), and a Motion For Preliminary Injunction (Docket No. 15) to stay his execution.

For the reasons set forth below, the Motion To Dismiss (Docket No. 6) is GRANTED and the

Motion for Preliminary Injunction (Docket No. 15) is DENIED.

Plaintiff has filed an Amended Complaint under 42 U.S.C. Section 1983 alleging that

death by electrocution violates his constitutional right to be free from cruel and unusual

punishment and his due process rights under the Eighth and Fourteenth Amendments; the use of

pancuronium bromide as part of the lethal injection procedure violates his constitutional right to

be free from cruel and unusual punishment under the Eighth Amendment and his due process

and equal protection rights under the Fourteenth Amendment; and the procedures for use of, and

actual use of, sodium thiopental, pancuronium bromide, and potassium chloride as part of the

lethal injection procedure violate his constitutional right to be free from cruel and unusual

punishment under the Eighth Amendment.

Through the Motion To Dismiss, the Defendants argue that Plaintiff has been dilatory in raising the challenges; the statute of limitations bars the action; Plaintiff has waived his right to challenge electrocution; electrocution does not constitute cruel and unusual punishment; Plaintiff's challenge to the lethal injection procedure is moot; and Plaintiff's equal protection challenge is without merit.

As the Court agrees that Plaintiff's challenge to electrocution has been waived, Plaintiff's challenge to the lethal injection procedure is moot, and Plaintiff's equal protection challenge is without merit, it is unnecessary to consider Defendants' other arguments. Plaintiff's request for a preliminary injunction to stay his execution is denied for the reasons set forth below.

## II.  Motion to Dismiss

In considering a motion to dismiss for failure to state a claim on which relief can be granted, the court must accept as true all factual allegations in the complaint. Broyde v Gotham Tower, Inc., 13 F.3d 994, 996 (6th Cir. 1994).  The purpose of a motion to dismiss for failure to state a claim is to allow the defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true. Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir. 1993).


### A.  Electrocution and Waiver

Tenn. Code Ann. § 40-23-114 provides that an inmate sentenced to death by electrocution may choose death by lethal injection instead, and that if the inmate does not affirmatively choose to die by electrocution, he will be executed by lethal injection:

2

(a) For any person who commits an offense for which such person is sentenced to the punishment of death, the method for carrying out this sentence shall be by lethal injection.

(b) Any person who commits an offense prior to January 1, 1999, for which such person is sentenced to the punishment of death may elect to be executed by electrocution by signing a written waiver waiving the right to be executed by lethal injection.

(c) The department of correction is authorized to promulgate necessary rules and regulations to facilitate the implementation of this section.

(d) If lethal injection or electrocution is held to be unconstitutional by the Tennessee Supreme Court under the Constitution of Tennessee, or held to be unconstitutional by the United States Supreme Court under the United States Constitution, or if the United States Supreme Court declines to review any judgment holding lethal injection or electrocution to be unconstitutional under the United States Constitution made by the Tennessee Supreme Court or the United States Court of Appeals that has jurisdiction over Tennessee, or if the Tennessee Supreme Court declines to review any judgment by the Tennessee Court of Criminal Appeals holding lethal injection or electrocution to be unconstitutional under the United States or Tennessee Constitution, all persons sentenced to death for a capital crime shall be executed by any constitutional method of execution. No sentence of death shall be reduced as a result of a determination that a method of execution is declared unconstitutional under the Constitution of Tennessee or the Constitution of the United States. In any case in which an execution method is declared unconstitutional, the death sentence shall remain in force until the sentence can be lawfully executed by any valid method of execution.

Tenn. Code Ann. § 40-23-114.

The Amended Complaint alleges that on September 28, 2006, the Warden provided the Plaintiff with an "Affidavit Concerning Method of Execution," and that Plaintiff placed a checkmark next to the words: "I waive the right to have my execution carried out by lethal injection and choose to be executed by electrocution." (Complaint, at ¶¶ 14 - 17). The Amended

3

Complaint alleges that Plaintiff's counsel attached a Notice of Objection to the form challenging the election procedure. (Complaint, at ¶¶ 18 - 19).

Defendants argue that Plaintiff's choice of electrocution constitutes a waiver of any claim that electrocution is unconstitutional.

In Stewart v. LaGrand, 526 U.S. 115, 119 S.Ct. 1018, 1021, 143 L.Ed.2d 196 (1999), the Supreme Court held that an inmate who chose to be executed by lethal gas instead of the default rule of execution by lethal injection waived his claim that the use of lethal gas is unconstitutional. Applying Steward here, the Court concludes that, by choosing electrocution, Plaintiff has waived his right to challenge this method of execution.

Although Plaintiff argues that his waiver was not knowing and intelligent because he was not provided with certain requested information, the Stewart Court does not hold that any certain amount of information must be provided to the inmate in order for the waiver to be valid.

Plaintiff also argues that his waiver is invalid because he was required to choose between two unconstitutional alternatives, electrocution and lethal injection. The flaw in Plaintiff's argument is that under Tenn. Code Ann. § 40-23-114, he was not required to make *any* choice. Had he not affirmatively chosen to die by electrocution, the method of execution would have been lethal injection.[1] Under those circumstances, Defendant could not have raised a waiver

---

[1] To the extent Plaintiff seeks, in this case, to raise a challenge to the procedure set forth in Section 40-23-114, that challenge has been raised and rejected in a separate case filed by Plaintiff. See Johnson v. Little, 3-06-0916 (Memorandum and Order, Docket Nos. 13, 14). See Wolfe v. Perry, 412 F.3d 707, 716 (6th Cir. 2005)(Once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation).

4

argument based on the choice made by the Plaintiff in his "Affidavit Concerning Method Of Execution."

Accordingly, the Court concludes that Plaintiff's constitutional challenge to electrocution should be dismissed.

B.  Lethal Injection and Mootness

Plaintiff also challenges the lethal injection method of execution in the Amended Complaint. Defendants argue that because Plaintiff has chosen death by electrocution, any challenge to lethal injection is moot.  Plaintiff, in response, agrees that a challenge to lethal injunction is not currently justiciable (Response, Docket No. 13, p.16).

The Court agrees.  A case becomes moot when the parties lack a legally cognizable interest in the outcome.  United States v. City of Detroit, 401 F.3d 448, 450-51 (6th Cir. 2005)(quoting County of Los Angeles v. Davis, 440 U.S. 625, 631, 99 S.Ct. 1379, 59 L.Ed.2d 642 (1979)).  "Mootness generally depends on 'whether the relief sought would, if granted, make a difference to the legal interests of the parties. . .'" Id. (quoting McPherson v. Michigan High School Athletic Ass'n, Inc., 119 F.3d 453, 458 (6th Cir.1997)).  Federal courts have no authority to render decisions on questions that are moot. Id.

In this case, a decision that death by lethal injection is unconstitutional would not affect Plaintiff's legal interests as he has chosen to die by electrocution.  Accordingly, his challenge to

the lethal injection method of execution is moot and is dismissed.

C.  Equal Protection

Plaintiff also challenges the lethal injection method of execution on equal protection grounds.  Specifically, Plaintiff contends that through the Nonlivestock Animal Humane Death Act, Tenn. Code Ann. §§ 44-17-301, et seq., the State protects pets from the use of pancuronium bromide when being euthanized, but permits its use in executions of human beings.

For the reasons discussed above, Plaintiff's choice of death by electrocution renders this claim moot and it is dismissed.

### III.  Motion For Preliminary Injunction

Plaintiff, through the Motion for Preliminary Injunction (Docket No. 15) asks the Court to enjoin the State of Tennessee from executing him in the electric chair until this Court can conduct further proceedings in this case.  After the parties filed their briefs, the Court of Appeals for the Sixth Circuit issued a stay of execution. Johnson v. Bell, Case No. 05-6925 (6th Cir. Oct. 19, 2006). Thus, Plaintiff's Motion for a Preliminary Injunction is moot.

In any event, in determining whether to issue a preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure, the Court is to consider:  (1) whether the movant has shown a strong or substantial likelihood of success on the merits; (2) whether irreparable harm will result without an injunction; (3) whether issuance of a preliminary injunction will result in substantial harm to others; and (4) whether the public interest is advanced by the injunction. Michigan State AFL-CIO v. Miller, 103 F.3d 1240, 1249 (6th Cir. 1997).

6

The Court having determined that Plaintiff's claims lack merit and should be dismissed, and in light of the stay of execution issued by the Sixth Circuit, the Motion for Preliminary Injunction is DENIED.

## IV. <u>Conclusion</u>

For the reasons set forth above, Defendant's Motion to Dismiss (Docket No. 6) is granted and Plaintiff's claims are dismissed. Plaintiff's Motion for Preliminary Injunction (Docket No. 15) is denied.

It is so ORDERED.

_Todd Campbell_
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

7